## IN RICHMOND SUPERIOR COURT, JULY, 1832.

SOLOMON and MOSES ALLEN *vs.* FREEMAN W. LACY and DAVID CLARKE.

*Assumpsit, and Motion for New Trial.*

THE action was brought to recover money had and received by defendants for plaintiffs' use. A verdict has been rendered in favor of the plaintiffs, upon the testimony of Alexander Main ; and a new trial is moved for on the following grounds :

An agent had lost the money of his principal at faro, and action for money had and received was brought against the winners by the principal, and it was held that the agent was not a competent witness until released. And to enable the court to decide on the competency of the agent, the release need only be officially attested by notaries ; it is not necessary they should prove it as witnesses.

1. The verdict was contrary to law.

2. It was contrary to evidence.

3. Because the court erred in admitting the release to Main upon the evidence offered. Its execution not being sufficiently proved.

4. Because the power of attorney to Main was admitted without sufficient proof of its execution.

The last ground fails in point of fact, as full legal proof of the execution of the power of attorney was made by a competent witness, who testified both to the hand-writing of the constituents and of the subscribing witness, and that the latter was beyond the jurisdiction of the court.

But not only this ground, but also the 1st and 2d are expressly abandoned as untenable by one of defendants' counsel, and not argued by the other. It is the third ground alone, therefore, which claims the attention of the court.

The witness Main examined by commission, was the agent of the plaintiffs, and was responsible to them for the very money sued for, which had been fraudulently won from him

RICHMOND,
July, 1831.

ALLEN
*v.*
LACY and
Another.

by the defendants at faro, and was therefore incompetent as a witness for them, unless released. A full release was given before the witness was sworn, and the only question for the court to decide, was, as to the sufficiency of the proof of its execution. It was executed in New York and attested by Notaries Public who duly certified the execution, under their hands and official seals. It was transmitted to New Orleans to be delivered to Main ; and the commissioners with whom it was deposited, and by whom it was returned to court, certify that it was delivered to Main, and accepted by him before he was examined.

Defendants' counsel object that Main should not be considered released, until the notaries who attested the release should have proven it as witnesses.

This is a strictness not required by law, and with which truth and justice may well dispense.

The release comes into court together with the deposition of Main. It is returned by the commissioners of this court, entrusted with the power of examining the witness, and who, though they are without authority to decide upon the competency of the witness, may and are bound to certify the facts upon which that question is to be decided by the court, as far as those facts occur at the examination ; and the court must receive their return as true. They certify that before Main was sworn they handed him the release from Solomon and Moses Allen, and that he read and acknowledged it. Main himself then swore in answer to a question propounded by the defendants, that he had no interest in the subject matter of the suit. His interest must have been divested by the release, and he surely knew that it was executed by S. and M. Allen. Here then is satisfactory proof of a delivery of this paper as a release and of its acceptance as such, and from that time its execution was complete, and it took effect. That it was signed and sealed is proven by the certificate of the notaries, and by subsequent recognition in authorizing a delivery, and in accepting the benefit resulting from it, which latter (setting the notarial certificate out of the question) would be sufficient for the present purpose. If this release had been offered to establish any right arising under it, as between the parties, or those claiming under them, the proof of its execution which was before the court might have been deemed insufficient ; but proof less strict will be received where the testimony is but preliminary, and to enable the *court* to decide upon the competency of testimony offered to the jury.

In the case of Wallace *v.* Megar tried in this court, the bare certificate of a Notary Public of New Jersey, to the oath of the plaintiff, that an original deed had been lost, was received as sufficient to let in the secondary proof. This is a much stronger case. We have here not only the certificates of

the Notaries Public, but all the other facts and circumstances adverted to, fully satisfying the mind of the court of release and competency of the witness. The motion is refused.

W. T. Gould for plaintiffs.

J. P. King for defendants.